

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.,
Director, Department of Public Safety
Austin, Texas

Dear Mr. Garrison:

Opinion No. C-2295
Re: S. B. No. 427 Depart-
mental Appropriation
46th Legislature --
Department of Public
Safety -- Payment of
doctor's fees in case
of injury to patrol-
man injured in line
of duty.

You ask whether or not it would be permiss-
ible for the Department of Public Safety to pay the
doctor's bill and hospital bill for patrolman Barton
under the facts set forth.

The facts are as follows:

"On April 1, 1940, Texas Highway
Patrolman A. B. Barton was conducting
tests for operators and chauffeurs li-
cense applicants, which duty required
that he get into the motor vehicle
with the applicant to observe the man-
ner in which such applicant operated
the motor vehicle.

"At approximately 3:30 P. M., on
this date, he stopped from a truck
which was being used by the applicant,
and a pain struck him in the side and
back. He was immediately taken to the
hospital and after a diagnosis, an ap-
pendectomy was performed. After the

43

operation the attending physician
stated that apparently his appendix
had been ruptured during childhood
and had adhered to his intestines;
consequently, in stepping from the
truck, the adhesions around the base
of the appendix were broken or torn.
The attending physician further
stated that in his opinion he was
reasonably sure that Patrolman Bar-
ton would not have had this trouble
under ordinary circumstances, but
that the stepping or jumping from
the truck necessitated the opera-
tion."

Item 2 of the Maintenance and Miscellaneous
Appropriation to the License and Weights Division of
the Department of Public Safety, S. B. 427, 46th Legis-
lature (1939) is as follows:

"Motor equipment, parts, supplies,
fixtures, other equipment and
supplies, printing, stationery,
telegraph, telephone, rentals,
teletypewriters, express,
freight, postage, repairs,
maintenance, hospitalization
and medical services when <u>in-
jured in line of duty</u>, funeral
expenses when death results
from injuries incurred in line
of duty, surety bonds, loado-
meters, radios, first aid sup-
plies and all other necessary
expenses...........$11,150.00"

The language, "injuries incurred in line of
duty", is synonymous in legal contemplation with the
language "injuries received in course of employment",
as used in our Workmen's Compensation Act.

The accepted rule with respect to compensa-
tion cases is thus stated by Texas Jurisprudence:

"The injury must be shown to
have been sustained in the 'course
of employment' in order to be com-

pensable. The statutory expression 'in the course of his employment' has reference to the time, place and circumstances under which the injury occurred. An injury is said so to arise when it occurs within the period of the employment at a place where the employee reasonably may be in the performance of his duty and while he is fulfilling that duty or engaged in doing something incidental thereto. If the injury is received while the employee is doing his work it may be 'in the course of employment' and yet have no causal connection with the employment; that is, the employee is still included when he does those reasonable things which his contract expressly or impliedly permits him to do.

"If the employee, when injured, was acting within the course of his employment and the risk was reasonably incident to the conduct of the employer's business, it is immaterial that the employee was injured at the hands of persons or companies over whose servants the employer had no control, or at the hands of fellow servants who, at the time, were not acting within the scope of their employment." (45 Tex. Jur. p. 458, ¶ 71).

While the language "arising out of the employment" is not expressly a part of our Workmen's Compensation Act, nevertheless, the Supreme Court has held that the phrase "having to do with and originating in the work", which is a part of our Workmen's Compensation Act, is in effect the same as the expression "arising out of the employment." (Cassell vs. U. S. Fidelity & Guaranty Co., 283 S. W. 127).

Now, an injury arises out of the employment when it reasonably appears from all the facts and cir-

cumstances that there is a causal connection between the conditions which the employer puts about the employee and the resulting injury. (Maryland Casualty Co. vs. Smith, 40 S. W. (2) 913; Texas Indemnity Co. vs. Preslar, 298 S. W. 666, (Writ of error dismissed); 45 Tex. Jur. p. 483, Sec. 73). Our Supreme Court has said:

> "An injury has to do with, and arises out of the work or business of the employer, when it results from a risk or hazard which is necessarily, or ordinarily, or reasonably inherent in, or incident to, the conduct of such work or business." -- Lumberman's Reciprocal Asso. vs. Behnken, 246 S. W. 72, 28 A. L. R. 1402.

In that case Behnken, an employee, was run over and killed by a railroad engine while going to his work. Justice Greenwood, for the Supreme Court said:

> "Was Behnken engaged in or about the furtherance of the affairs or business of his employer when he received the injury causing his death? He was upon the crossing provided as the means of access to his work solely because he was an employee. He encountered the dangers incident to use of the crossing in order that he might perform the duties imposed by his contract of service. Without subjecting himself to such dangers he could not do what was required of him in the conduct of the lumber company's business. He had reached a place provided and used only as an adjunct to that business, and was injured from a risk created by the conditions under which the business was carried on. To hold that he was not acting in furtherance of the affairs

> or business of the lumber company
> would be to give a strict inter-
> pretation to this remedial statute,
> which should be liberally construed
> with a view to accomplish its pur-
> pose and to promote justice."

If the stepping from the truck caused the injury complained of, then, it is our opinion, that said injury comes within the meaning of the Appropriation Act for your department, and that the expenses of hospital and medical services in connection with his injuries should be paid from the appropriation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED MAY 6, 1940

ATTORNEY GENERAL OF TEXAS

